UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

TODD YOUNG,

                              Plaintiff,

         -against-

NEW YORK CITY DEPARTMENT OF
EDUCATION; MARISOL ROSALES,
SUPERINTENDENT OF HIGH SCHOOLS OF
DISTRICT 2; MANUEL URENA, PRINCIPAL OF
HIGH SCHOOL OF ART AND DESIGN; LYNN
ROSALES, ASSISTANT PRINCIPAL OF HIGH
SCHOOL OF ART AND DESIGN; SARI PEREZ,
ASSISTANT PRINCIPAL OF HIGH SCHOOL OF
ART AND DESIGN,

                              Defendants.

**COMPLAINT**

**ECF CASE**

18 CV _____

**JURY TRIAL DEMANDED**

         Plaintiff TODD YOUNG, by his attorneys, GLASS KRAKOWER LLP, as and for

his Complaint against Defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

         1.      Plaintiff brings this action under the federal Age Discrimination in

Employment Act (ADEA) based on age discrimination, and Title VII and 42 U.S.C. Section

1981 based on race discrimination, and Title VII based on religious discrimination, as an

English teacher employed by Defendants at the High School for Art and Design in Manhattan.

         2.      Plaintiff seeks compensatory damages, and punitive damages to the extent

allowable by law, and other appropriate legal and equitable relief pursuant to federal, state,

and city law.

1

**JURISDICTION AND VENUE**

3.      This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. § 1331 as this matter involves federal questions.

4.      This action's venue properly lies in the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1391, because the headquarters of the NYCDOE is located at 52 Chambers Street, New York, NY 10007.

5.      This Court has the power to issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

6.      This Court has supplemental jurisdiction over Plaintiff's state and city law claims under 28 U.S.C. § 1367(a).

7.      On December 21, 2017, Plaintiff served a Written Verified Notice of Claim on Defendants regarding his state and city law claims.

8.      Plaintiff received a Right to Sue letter from the Equal Employment Opportunity Commission dated January 26, 2018, which is annexed as Exhibit A.

**PARTIES**

9.      Plaintiff is a resident of the County of Manhattan and the State of New York.

10.     At all times relevant herein, Plaintiff was and is an English teacher with the New York City Department of Education (NYCDOE).

11.     At all times relevant herein, Defendant NYCDOE (formerly New York City Board of Education) is a public school district within the State of New York.

12.     At all times relevant herein, Defendant Marisol Rosales was the Superintendent of District 2 within the NYCDOE.

2

13.     At all times relevant herein, Defendant Manuel Urena was the Principal of the High School of Art and Design in Manhattan.

14.     At all times relevant herein, Defendant Lynn Rosales was the Assistant Principal of English with the High School of Art and Design in Manhattan.

15.     At all times relevant herein, Defendant Sari Perez was the Assistant Principal of Organization with the High School of Art and Design in Manhattan.

## STATEMENT OF FACTS

16.     Plaintiff began his employment with Defendant NYCDOE in 2004 as an English teacher.

17.     Plaintiff has taught English with the NYCDOE for 4 years at the High School of Art and Design in Manhattan, NY.  Plaintiff has taught approximately 14 years with the NYCDOE.

18.     Principal Manuel Urena became principal of the High School of Art and Design in January 2016.

19.     Plaintiff received consistently Satisfactory or Effective ratings from the beginning of his employment through the end of the 2015-16 school year.

20.     In June 2016, Plaintiff was rated Effective overall on his final annual performance rating for the 2015-16 school year under Principal Urena.

21.     Plaintiff had never received an Ineffective rating in any category on his teaching observations from a school administration until May 2017.

22.     Plaintiff, finding himself in an increasingly hostile environment under Principal Urena, emailed various harassment complaints to both his district union representative as well as Principal Urena, his district superintendent Defendant Marisol

3

Rosales, and Defendant Chancellor Carmen Farina in April and May 2017. Plaintiff also took steps through his union to file an Article 23 special harassment complaint and an Article 24 complaint based on the UFT-DOE collective bargaining agreement against Principal Urena for spying, harassment, and other bullying treatment directed towards him.

23.     Plaintiff is of Jewish religion. Since Principal Urena has arrived at the school, he has targeted several Jewish teachers, including Plaintiff and staff members Maya Zabar, Peter Cohn, and Michael Golden. Plaintiff is aware that Principal Urena has denied Jewish teachers time off to take religious holidays.

24.     Plaintiff is presently 62 years old. Upon information and belief, Plaintiff is the oldest teacher in the building. Since Principal Urena has arrived at the school, he has targeted many older teachers, and has caused many older teachers to leave the school, including Peter Cohn and Michael Cheverino. Upon information and belief, Mr. Cheverino actually passed away at least in part due to the job stress caused by Principal Urena.

25.     Plaintiff is of Caucasian race. Defendants are either Dominican and/or Hispanic. Since Principal Urena and his administration have arrived at the school, he has targeted many Caucasian teachers at the school, and has overwhelmingly hired Hispanic teachers to replace Caucasian teachers.

26.     Since Principal Urena has arrived at the school, Plaintiff received substantially lower ratings with many sudden and arbitrary ineffective ratings on his observations, including observations received from Defendants Urena and Lynn Rosales on May 16, 2017, June 18, 2017, and December 13, 2017, respectively.

27.     Plaintiff also received a barrage of unjustified disciplinary letters from Defendants Urena, Lynn Rosales, and Perez dated May 19, 2017, May 25, 2017, June 5, 2017, and June 23, 2017.

28.     On or November 2, 2017, Principal Urena falsely accused Plaintiff in a letter that Plaintiff cursed and threatened him and slammed a table and "violently threw" four chairs. In actuality, on that day Plaintiff was personally threatened by Principal Urena, both verbally and physically. Plaintiff subsequently filed a police report based on Principal Urena's threatening actions on November 2, 2017.

29.     On December 1, 2017, Principal Urena caused Plaintiff to be involuntarily sent to a mental health evaluation with the NYCDOE Medical Bureau based on Principal Urena's fabrications. Plaintiff was immediately cleared and deemed fit to work by the Medical Bureau after this examination.

30.     Plaintiff filed a notice of claim against Defendants on December 21, 2017, claiming, *inter alia*, age, race and religious discrimination.

31.     On January 2, 2018, Plaintiff filed an EEOC charge claiming age, race, and religious discrimination.

32.     Plaintiff withdrew his EEOC charge for administrative convenience and received a right to sue letter from the EEOC, dated January 26, 2018. A copy of the right to sue letter is annexed as Exhibit A.

33.     Since filing the EEOC charge, in February 2018, Plaintiff has received at least four disciplinary letters from his school administration, including two from the District Superintendent.

34.     Plaintiff also was reassigned from his teaching duties and assigned out of the school effective January 26, 2018.

35.     On March 16, 2018, Plaintiff received New York State Education Law Section 3020-a charges containing 17 different specifications seeking to terminate his employment.

36.     Upon information and belief, Principal Urena filed a police report against Plaintiff in March 2018.

37.     Plaintiff is a victim of repeated race, age, and religious discrimination based on Principal Urena's actions against him, and retaliation based on filing such protected complaints against the NYCDOE.

38.     As a result of Defendants' discriminatory and retaliatory actions, Plaintiff has suffered emotional damages and psychological distress, threatened loss of his job, as well as loss of per session opportunities and other compensation.

## FIRST CAUSE OF ACTION

## DISCRIMINATION AND RETALIATION AGAINST PLAINTIFF IN VIOLATION OF TITLE VII

39.     Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs, as if fully set forth herein.

40.     While acting under color of State Law, Defendants have discriminated and retaliated against Plaintiff based on race and religious discrimination.

41.     As a proximate result of Defendants' discriminatory and retaliatory actions against Plaintiff, Plaintiff has suffered and continues to suffer a loss of monetary damages, humiliation, severe emotional distress, mental and physical anguish and suffering, and

damage to his professional reputation and potential loss of employment, in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## DISCRIMINATION AND RETALIATION IN VIOLATION OF AGE DISCRIMATION IN EMPLOYMENT ACT (ADEA)

42.     Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs, as if fully set forth herein.

43.     While acting under color of State Law, Defendants have discriminated and retaliated against Plaintiff based on age discrimination.

44.     As a proximate result of Defendants' discriminatory and retaliatory actions against Plaintiff, Plaintiff has suffered and continues to suffer a loss of monetary damages, humiliation, severe emotional distress, mental and physical anguish and suffering, and damage to his professional reputation and potential loss of employment, in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## DISCRIMINATION AND RETALIATION AGAINST PLAINTIFF IN VIOLATION OF 42 U.S.C. SECTION 1981

45.     Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs, as if fully set forth herein.

46.     While acting under color of State Law, Defendants have discriminated and retaliated against Plaintiff based on race discrimination under 42 U.S.C. Section 1981.

47.     As a proximate result of Defendants' discriminatory and retaliatory actions against Plaintiff, Plaintiff has suffered and continues to suffer a loss of monetary damages,

humiliation, severe emotional distress, mental and physical anguish and suffering, and damage to his professional reputation and potential loss of employment, in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## <u>DISCRIMINATION AND RETALIATION AGAINST PLAINTIFF IN VIOLATION OF NEW YORK STATE AND CITY HUMAN RIGHTS LAW</u>

48.     Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs, as if fully set forth herein.

49.     While acting under color of State Law, Defendants have discriminated and retaliated against Plaintiff based on age, religious, and race discrimination under the New York State and City Human Rights law.

50.     As a proximate result of Defendants' discriminatory and retaliatory actions against Plaintiff, Plaintiff has suffered and continues to suffer a loss of monetary damages, humiliation, severe emotional distress, mental and physical anguish and suffering, and damage to his professional reputation and potential loss of employment, in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## <u>INTENTIONAL AND/OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS</u>

51.     Plaintiff repeats and realleges each and every allegation contained above, inclusive, with the same force and effect as if more fully set forth herein.

52.     Each and every defendant did, without justification, intentionally harm the Plaintiff by playing a part in seeking to wrongfully terminate him from his employment, and

some did harm the Plaintiff by damaging his ability to subsequently be hired in any and all districts within the NYCDOE and potential loss of employment, thereby causing him intentional and/or negligent infliction of emotional distress

53.     As a result of the foregoing, Plaintiff did suffer damages in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## DEFAMATION AND LIBEL

54.     While Plaintiff was employed by Defendant NYCDOE, Defendants, did, in statements and in writing, with malice aforethought, disseminate about the Plaintiff false personal and professional information falsely accusing him of violent tendencies, with knowledge of its falsity or with reckless disregard of its falsity.

55.     These statements and writings have, in a variety of ways both professional and personal, damaged Plaintiff in the past, the present, and in perpetuity.

56.     As a result of the foregoing, Plaintiff has suffered and continues to suffer damages in an amount to be determined at trial.

## JURY DEMAND

57. Plaintiff hereby demands a trial by Jury.

## PRAYER/DEMAND FOR RELIEF

WHEREFORE, Plaintiff demands judgment in its favor against Defendants as follows:

a.   Judgment declaring that Defendants acts violated Plaintiff's rights as secured by federal, state and city law prohibiting retaliation in employment;

b.   Enjoining defendants from any further acts adversely affecting the terms and conditions of Plaintiff's employment including his compensation and privileges;

c.   Compensatory damages to compensate Plaintiff for economic loss, damage to name, profession, career and reputation, pain and suffering, emotional distress and mental anguish, embarrassment, indignity, and dislocation, in an amount to be determined at trial;

d.   Punitive damages against one or all of the Defendants;

e.   Statutory attorneys' fees, interest, costs, and disbursements, and

f.   For such other and further legal, equitable or other relief as the Court deems just and proper.

DATED:   New York, New York
March 26, 2018

GLASS KRAKOWER LLP
100 Church Street, Suite 800
New York, NY 10007
(212) 537-6859

By:   _____
BRYAN D. GLASS, ESQ.

10