UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

TODD YOUNG,

                                             Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION MARISOL ROSALES, SUPERINTENDENT OF HIGH SCHOOLS OF DISTRICT 2; MANUEL URENA, PRINCIPAL OF HIGH SCHOOL OF ART AND DESIGN; LYNN ROSALES, ASSISTANT PRINCIPAL OF HIGH SCHOOL OF ART AND DESIGN; SARI PEREZ, ASSISTANT PRINCIPAL OF HIGH SCHOOL OF ART AND DESIGN,

                                             Defendants.

------------------------------------------------------------------------ x

**ANSWER OF DEFENDANT MARISOL ROSALES**

18 Civ. 2705 (JMF)

        Defendant, Marisol Rosales, by her attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for her Answer to the Complaint, respectfully alleges as follows:

        1.      Denies the allegations set forth in paragraph "1" of the Complaint, except admits that plaintiff purports to bring this action pursuant to the statutes set forth therein.

        2.      Denies the allegations set forth in paragraph "2" of the Complaint, except admits that plaintiff purports to seek the relief set forth therein.

        3.      Denies the allegations set forth in paragraph "3" of the Complaint, except admits that plaintiff purports to set forth the basis for the Court's jurisdiction as set forth therein.

        4.      Denies the allegations set forth in paragraph "4" of the Complaint, except admits that plaintiff purports to set forth the basis for venue as set forth therein.

        5.      Denies the allegations set forth in paragraph "5" of the complaint.

6. Denies the allegations set forth in paragraph "6" of the Complaint, except admits that plaintiff purports to set forth the basis for the Court's jurisdiction as set forth therein.

7. Denies the allegations set forth in paragraph "7" of the Complaint, except admits that plaintiff served a notice of claim on December 21, 2017 on all defendants, except Lynn Rosales.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint, concerning when plaintiff received a right-to-sue letter, except admits that the EEOC issued plaintiff a right-to-sue letter concerning charge number 520-2018-01560, and that the letter is annexed to the Complaint as Exhibit "A."

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint.

10. Denies the allegations set forth in paragraph "10" of the Complaint, except admits that plaintiff taught English at the High School for Art and Design from September 13, 2013, until January 26, 2018.

11. Denies the allegations set forth in paragraph "11" of the Complaint, and respectfully refers the Court to New York Education Law § 2590-b for a full and complete statement of the DOE's legal status.

12. Denies the allegations set forth in paragraph "12" of the Complaint, except admits that she has been the District 2 Superintendent of High Schools from October 29, 2012 until present.

13. Denies the allegations set forth in paragraph "13" of the Complaint, except admits that Manuel Ureña has been the principal at the High School of Art and Design in Manhattan ("HAD"), from January 2016 until present.

14. Denies the allegations set forth in paragraph "14" of the Complaint, except admits that Lynn Rosales has been the Assistant Principal of English, Social Studies, English as a Second Language, Library, and Languages other than English at HAD, from August 2016 until present.

15. Denies the allegations set forth on paragraph "15" of the Complaint, except admits that Sari Perez has been the Assistant Principal of Organization at HAD, from August 29, 2005 until present.

16. Admits the allegations set forth in paragraph "16" of the Complaint.

17. Admits the allegations set forth in paragraph "17" of the Complaint.

18. Admits the allegations set forth in paragraph "18" of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Complaint.

20. Admits the allegations set forth in paragraph "20" of the Complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Complaint.

22. Denies the allegations set forth in paragraph "22" of the Complaint, and respectfully refers the Court to the documents cited for the contents thereof.

23. Denies the allegations set forth in paragraph "23" of the Complaint, except admits that plaintiff self-identifies as Jewish, and denies knowledge or information as to the truth of the allegations concerning what plaintiff is "aware" of, or of plaintiff's religion.

24. Denies the allegations set forth in paragraph "24" of the Complaint, except admits that, according to DOE records, plaintiff is 62 years old.

25. Denies the allegations set forth in paragraph "25" of the Complaint, except admits that plaintiff self-identifies as Caucasian.

26. Denies the allegations set forth in paragraph "26" of the Complaint.

27. Denies the allegations set forth in paragraph "27" of the Complaint.

28. Denies the allegations set forth in paragraph "28" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's alleged filing of a police report.

29. Denies the allegations set forth in paragraph "29" of the Complaint, except admits that the DOE's Medical Bureau deemed plaintiff "fit" for work.

30. Admits that plaintiff filed a notice of claim on December 21, 2017, and respectfully refers the Court to the cited document for the contents thereof.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the Complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the Complaint, except admits that the EEOC issued plaintiff a right-to-sue letter concerning charge number 520-2018-01560, and that the letter is annexed to the Complaint as Exhibit "A."

33. Denies the allegations set forth in paragraph "33" of the Complaint, except admits that plaintiff has received four disciplinary letters since February 2018.

34. Admits the allegations set forth in paragraph "34" of the Complaint.

35. Denies the allegations set forth in paragraph "35" of the Complaint, except admits that plaintiff received disciplinary charges pursuant to Section 3020-a of the New York Education Law, and respectfully refers the Court to the charges for the contents thereof.

36. Denies the allegations set forth in paragraph "36" of the Complaint.

37. Denies the allegations set forth in paragraph "37" of the Complaint.

38. Denies the allegations set forth in paragraph "38" of the Complaint.

39. In response to the allegations set forth in paragraph "39" of the Complaint, Defendant Marisol Rosales repeats and re-alleges her responses to the foregoing paragraphs of the Complaint, as if fully set forth here.

40. Denies the allegations set forth in paragraph "40" of the Complaint.

41. Denies the allegations set forth in paragraph "41" of the Complaint.

42. In response to the allegations set forth in paragraph "42" of the Complaint, Defendant Marisol Rosales repeats and re-alleges her responses to the foregoing paragraphs of the Complaint, as if fully set forth here.

43. Denies the allegations set forth in paragraph "43" of the Complaint.

44. Denies the allegations set forth in paragraph "44" of the Complaint.

45. In response to the allegations set forth in paragraph "45" of the Complaint, Defendant Marisol Rosales repeats and re-alleges her responses to the foregoing paragraphs of the Complaint, as if fully set forth here.

46. Denies the allegations set forth in paragraph "46" of the Complaint.

47. Denies the allegations set forth in paragraph "47" of the Complaint.

48. In response to the allegations set forth in paragraph "48" of the Complaint, Defendant Marisol Rosales repeats and re-alleges her responses to the foregoing paragraphs of the Complaint, as if fully set forth here.

49. Denies the allegations set forth in paragraph "49" of the Complaint.

50. Denies the allegations set forth in paragraph "50" of the Complaint.

51. In response to the allegations set forth in paragraph "51" of the Complaint, Defendant Marisol Rosales repeats and re-alleges her responses to the foregoing paragraphs of the Complaint, as if fully set forth here.

52. Denies the allegations set forth in paragraph "52" of the Complaint.

53. Denies the allegations set forth in paragraph "53" of the Complaint.

54. In response to the allegations set forth in paragraph "54" of the Complaint, Defendant Marisol Rosales repeats and re-alleges her responses to the foregoing paragraphs of the Complaint, as if fully set forth here.

55. Denies the allegations set forth in paragraph "55" of the Complaint.

56. Denies the allegations set forth in paragraph "56" of the Complaint.

57. Makes no response to the allegations set forth in paragraph "57" of the Complaint.

## AS AND FOR A FIRST DEFENSE

58. The Complaint is barred, in whole, or in part, by the applicable statutes of limitation.

## AS AND FOR A SECOND DEFENSE

59. The complaint is barred, in whole or in part, by Plaintiff's failure to timely file a charge with the EEOC.

## AS AND FOR A THIRD DEFENSE

60. The Complaint is barred, in whole or in part, by Plaintiff's failure to file a timely Notice of Claim.

## AS AND FOR A FOURTH DEFENSE

61. The Complaint fails to state a claim, in whole or in part, upon which relief can be granted.

## AS AND FOR A FIFTH DEFENSE

62. At all times relevant to the acts alleged in the Complaint, Defendants' conduct was undertaken in good faith for nondiscriminatory, non-retaliatory, legitimate business reasons.

## AS AND FOR AN SIXTH DEFENSE

63. The conduct complained of consists of nothing more than what a reasonable person would consider petty slights and trivial inconveniences, and thus plaintiff's claims under the New York City Human Rights Law must be dismissed.

## AS AND FOR A SEVENTH DEFENSE

64. Defendant Marisol Rosales is shielded from suit by the doctrines of absolute privilege, qualified privilege, or both.

## AS AND FOR AN EIGHTH DEFENSE

65. Plaintiff's defamation claims are barred because the statements of which he complains, were truthful.

## AS AND FOR AN NINTH DEFENSE

66. Defendant Marisol Rosales is shielded from suit, in whole or in part, by the doctrines of absolute immunity, qualified immunity, common law immunity, or any combination of these doctrines.

**WHEREFORE,** Defendant Marisol Rosales respectfully requests that the Complaint be dismissed in its entirety, that the Court enter judgment for Defendants, and that Defendants be granted costs, fees, and disbursements together with such other and further relief as the Court may deem just and proper.

Dated:	New York, New York
	August 17, 2018

		ZACHARY W. CARTER
		Corporation Counsel of the
		   City of New York
		Attorney for Defendants
		100 Church Street, Room 2-185
		New York, New York 10007
		(212) 356-2450
		imendez@law.nyc.gov


	By:	_____
		Iván A. Méndez, Jr.
		Assistant Corporation Counsel


TO:	Bryan D. Glass, Esq.
	Glass Krakower, LLP.
	100 Church Street, Suite 800
	New York, NY 10007

Civil Case No. 18 Civ. 2705 (JMF)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| TODD YOUNG,<br><br>                                   Plaintiff,<br><br>            -against-<br><br>NEW YORK CITY DEPARTMENT OF EDUCATION, et al.,<br><br>                                  Defendants. |
| **ANSWER** |
| *ZACHARY W. CARTER*<br>*Corporation Counsel of the City of New York*<br>   *Attorney for Defendants*<br>   *100 Church Street, Room 2-185*<br>   *New York, New York 10007*<br><br>   *Of Counsel: Iván A. Méndez, Jr.*<br>   *Tel.: (212) 356-2450*<br>   *Matter No.: 2018-024707* |
| *Due and timely service is hereby admitsted.*<br><br>*New York, N.Y. ................................................., 2018*<br><br>*.......................................................................... Esq.*<br><br>*Attorney for...............................................................* |